Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy L. Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ALEJANDRO VAZQUEZ**, | ) Case No.: |
| Plaintiff, | ) |
| v. | ) |
| **OCWEN LOAN SERVICING, LLC**, | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

# COMPLAINT

ALEJANDRO VAZQUEZ ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against OCWEN LOAN SERVICING, LLC, ("DEFENDANT"):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.  This Court has subject-matter jurisdiction over this action as raising a federal question under 28 U.S.C. § 1331. See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012) (confirming that the United States district courts may hear private civil suits under the TCPA in exercise of their federal-question jurisdiction).

3. This Court has personal jurisdiction over Defendant because it regularly conducts business in the State of New Jersey and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of New Jersey.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Kendall Park, New Jersey 08824.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for at least nine years.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around 2009 and continuing through in or about February 2017, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number.

13. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff during this time.

14. Plaintiff knew that Defendant was using an automated telephone dialing system because the calls would begin with a recording or pre-recorded voice prior to speaking to one of Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes."

PLAINTIFF'S COMPLAINT

16. Desiring to stop the repeated telephone calls, Plaintiff spoke with Defendant's agents in or around early 2015 to advise them that that he did not wish to be contacted, and told Defendant's representatives to stop calling his cellular telephone number, thereby placing Defendant on notice it did not have Plaintiff's consent to place calls to his cellular telephone.

17. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to continue making further calls, nor was there any good faith reason to place calls.

18. Despite Plaintiff's clear revocation of consent, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone.

19. Undaunted by Plaintiff's repeated demands to stop calling, Defendant continued to call Plaintiff excessively on his cellular telephone through in or about February 2017.

20. It was frustrating, annoying and distressing for Plaintiff to receive such continuous and repeated telephone calls from Defendant on his cellular telephone.

21. After Defendant ignored Plaintiff's requests and continued to call him repeatedly and continuously without his consent, he downloaded a blocking application to his cellular telephone to ultimately stop Defendant's harassing calls.

22. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

**COUNT I**
**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

PLAINTIFF'S COMPLAINT

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

25. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

26. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

27. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

28. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

29. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

30. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

31. Defendant's calls to Plaintiff's cellular telephone after he revoked consent were not made with Plaintiff's prior express consent.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ALEJANDRO VAZQUEZ, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ALEJANDRO VAZQUEZ, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

## **CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

Dated: October 19, 2018

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT